## MITCHELL v. FOWLER.

Where the defendant in a trial justice's court did not admit the plaintiff's case, but on appeal to the Circuit Court and on trial there *de novo*, orally admitted the execution of the note sued on and the plaintiff's ownership of it, defendant is not entitled to open and reply, not having admitted "by his pleadings" the plaintiff's case.

Before HUDSON, J., Spartanburg, October, 1883.

Action by C. W. Mitchell against W. D. Fowler, commenced in a trial justice's court on September 18, 1880, and there tried in October, 1880. The opinion states the case.

*Messrs. Wofford & Jennings* for appellant.

*Messrs. Bobo & Carlisle,* contra.

June 23, 1884. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The error assigned in this case is the refusal of the Circuit judge to allow the defendant to open and reply. The action was on a note and originally brought in a trial justice's court, where the plaintiff proved his case and the defences were, first, usury and, second, that the defendant, who was the surety on the note, had been discharged by an agreement between the plaintiff and the principal for an extension of time. The trial justice rendered judgment for the plaintiff and, the defendant appealing, the case came on for trial *de novo* in the Circuit Court. The pleadings were altogether oral, and at the trial in the Circuit Court the plaintiff stated as his cause of action the note which he exhibited, and stated that the plaintiff was the

owner of the note. Counsel for defendant admitted the execution of the note by the defendant and the plaintiff's ownership of it, and pleaded as his defences, usury and discharge by extension of time to the principal. Thereupon he claimed the right to open and reply, which being objected to, defendant's counsel stated that he admitted plaintiff's right to recover, unless he introduced testimony as to the defences interposed, and again claimed the right to open and reply. This was refused by the Circuit judge, who held "that the defendant is entitled to open and reply only when he admits the plaintiff's case, and takes upon himself the burden of proof; that this must be done in the defences set up, and that the defences here set up did not admit but denied the plaintiff's case; that admitting the execution of a note and its ownership by the plaintiff did not admit the plaintiff's case, but the defence struck directly at the validity of the note as against the defendant in its origin, as well as owing to the subsequent dealings of principal and payee."

After this decision was announced the plaintiff was introduced as a witness and proved the signature to the note, and his ownership of it. After testimony was heard on the part of the defendant in support of his defences, to which the plaintiff was permitted to offer evidence in reply, judgment was rendered in favor of the plaintiff, from which the defendant appeals, upon the ground that the Circuit judge erred in refusing to allow the defendant to open and reply, and in allowing that privilege to the plaintiff.

While we concur with the Circuit judge in the conclusion which he reached, we prefer to rest our judgment upon a different ground from that adopted by him. The practice in regard to the right to open and reply is regulated by Rule 59 of the Circuit Court, which provides that the defendant shall have this right "where he admits the plaintiff's cause by the pleadings, and takes upon himself the burden of proof." In a trial justice's court, "the pleadings may be oral or in writing; if oral, the substance of them shall be entered by the trial justice in his docket; if in writing, they shall be filed by him, and a reference to them shall be made in the docket." *Code*, § 88, subdiv. 2. Whether the practice as prescribed by Rule 59 can be applied to cases in a

trial justice's court, especially where the parties have proceeded by oral, rather than written, pleadings, is a question which we are not called upon to determine, inasmuch as in this case there was no admission of the plaintiff's cause of action in that court, either "by the pleadings" or otherwise, but, on the contrary, it is stated in the "Case" that when the case came on for trial before the trial justice, "the plaintiff proved his case, the defendant pleading usury," &c.

When the case was carried by appeal to the Circuit Court there were no new pleadings, but it was tried upon the pleadings as they stood in the trial justice's court, and as it is conceded that the defendant did not, by his pleadings, in the trial justice's court admit the plaintiff's cause of action, it is quite clear that the defendant did not bring himself within the rule which entitled him to open and reply. For the rule is explicit that the admission of the plaintiff's cause of action must be made "by the pleadings," so that it may be matter of record; and such has been the construction placed upon the rule by the decisions of this court. *Brown* v. *Kirkpatrick*, 5 *S. C.*, 267; *McConnell* v. *Kitchens*, 20 *Id.*, 430. There can be no oral pleadings in the Circuit Court, and therefore the fact stated in the record that the defendant, at the trial in that court, orally admitted the execution of the note sued upon, as well as the plaintiff's ownership of it, cannot affect the question under consideration. The foundation of the defendant's right to open and reply is the rule of court above referred to, and unless he brings himself within the terms of that rule, as construed by the decisions of this court, he cannot successfully claim any such right.

The case of *Bennett* v. *Sandifer*, 15 *S. C.*, 418, relied upon by appellant, does not touch the question involved in this case. The only points there decided were, first, that the mere fact that the defendant was appellant, in a case originating in a trial justice's court and carried by appeal to the Circuit Court, did not constitute him the actor in such a sense as would entitle him to the right to open and reply in the Circuit Court, under the provisions of Rule 59; and, second, that an error in ruling this point was appealable.

The judgment of this court is that the judgment of the Circuit Court be affirmed.